

Brenda K. Martin, Bankruptcy Judge

# THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

| In re | CHAPTER 13 |
|---|---|
| JEFFREY TONDER, | |
| | CASE NO. 2:24-BK-09347-BKM |
| Debtors. | **STIPULATED ORDER CONFIRMING CHAPTER 13 PLAN** |

The Chapter 13 Plan having been properly noticed out to creditors and any objection to confirmation having been resolved,

**IT IS ORDERED** confirming the Plan of the Debtors as follows:

(A) **INCOME SUBMITTED TO THE PLAN.** Debtors shall submit the following amounts of future income to the Trustee for distribution under the Plan.

(1) Future Earnings or Income. Debtors shall make the following monthly Plan payments:

| Months | Amount |
|---|---|
| 1-3 | $1,035.00 |
| 4-34 | $1,225.00 |
| 35-58 | $1,351.00 |
| 59-60 | $1,587.00 |

- 1 -

In re: Tonder
Case No. 2:24-BK-09347-BKM

The payments are due on or before the 30th day of each month commencing November 30, 2024. Debtors are advised that when payments are remitted late, additional interest may accrue on secured debts which may result in a funding shortfall at the end of the Plan term. Any funding shortfall must be cured before the plan is deemed completed.

The Debtors shall provide to the Trustee copies of their **federal** and **state** income tax returns for post-petition years 2024-2028 within 30 days of filing them. The purpose is to assist the Trustee in determining any change in Debtors' annual disposable income.

(2) Other Property. In the event that other property is submitted, it shall be treated as supplemental payments.

(B) **DURATION.** This Plan shall continue for 60 months from the first regular monthly payment described in Paragraph (A)(1) above. If at any time before the end of the Plan period all claims are paid, then the Plan shall terminate. In no event will the term of the Plan be reduced to less than 60 months, exclusive of any property recovered by the Trustee, unless all allowed claims are paid in full.

(C) **CLASSIFICATION AND TREATMENT OF CLAIMS.** Claims shall be classified as listed below. The Plan and this Order shall not constitute an informal proof of claim for any creditor. This Order does not allow claims. Claims allowance is determined by § 502 and the Federal Rules of Bankruptcy Procedure. The Trustee shall receive the percentage fee on the Plan payments pursuant to 28 U.S.C. § 586(e), then the Trustee will pay secured creditors or allowed claims in the following order:

(1) <u>Administrative expenses:</u>
   <u>Attorney Fees.</u> David Cutler, shall be allowed total compensation of $4,500. Counsel received $42.00 prior to filing this case and will be paid $4,458.00 by the Chapter 13 Trustee.

(2) <u>Claims Secured by Real Property:</u>
   (a) Freedom Mortgage Corporation, secured by a first deed of trust in the Debtors' residence, shall be paid the prepetition arrearage of $1,134.63 with 0% interest. Regular post-petition payments will be made directly by the Debtors to the secured creditor.

- 2 -

In re: Tonde
Case No. 2:24-BK-09347-BKM

(b) In addition to the mortgage arrears stated above, the Trustee will disburse $175.00 and $600.00 to Freedom Mortgage Corporation (for post-petition fees and expenses See Notices filed on January 30, 2025 and April 17, 2025). Any further post-petition mortgage fees and expenses shall be paid directly by the Debtor to the secured creditor.

(c) Goodleap, secured by a lien in the Debtor's residence, shall be paid directly by the debtor. Regular post-petition payments will be made directly by the Debtor to the secured creditor. The Trustee shall make no distribution to the creditor.

(3) Claims Secured by Personal Property:

(a) Toyota Motor Credit Corporation, secured by a lien in a 2021 Toyota Highlander, shall be paid a secured claim of $34,593.85 with 9.500% interest. The creditor will receive adequate protection payments of $380.00 per month. The balance of the debt shall be classified as unsecured.

(4) Unsecured Priority Claims:

(a) Internal Revenue Service shall be paid an unsecured priority claim of $14,662.94 with no interest for income taxes.

(b) Arizona Department of Revenue shall be paid an unsecured priority claim of $0.00 with no interest for income taxes.

(5) Surrendered Property:

Upon confirmation of this plan or except as otherwise ordered by the Court, bankruptcy stays are lifted as to collateral to be surrendered. Such creditor shall receive no distribution until the creditor timely files a claim or an amended proof of claim that reflects any deficiency balance remaining on the claim. Assuming the creditor has an allowed proof of claim, should the creditor fail to file an amended claim consistent with this provision, the Trustee need not make any distributions to that creditor. Debtors surrender the following property:

(a) None.

(6) Other Provisions:

(a) U.S. Department of Housing and Urban Development secured by a deed of trust in the Debtor's residence located at 12442 WEST NORTH VIEW AVE GLENDALE, AZ 85307 shall not be paid through the plan. Trustee shall make no

- 3 -

disbursement to such creditor. The HUD Claim/loan does not require any ongoing monthly payments by Debtors during the bankruptcy, and does not become due and payable until August 1, 2051 or, if earlier, when the first of the following events occurs:

    i. The Borrower has paid in full all amounts due under the primary Note and related mortgage, deed of trust, or similar Security, or

    ii. The maturity date of the Primary Note has been accelerated, or

    iii. The primary Note and related mortgage, deed of trust or similar Security Instrument are on longer insured by the Secretary of Housing and Urban Development

Debtor shall not attempt to strip lien. Ongoing effectiveness of terms conditioned on debtor remaining current on post-petition mortgage payments to the first deed of trust holder and stipulation no longer effective upon conversion.

(b) Connexus Credit Union has not filed a secured proof of claim and shall be paid as an unsecured Pursuant to Section (C) (5) (b) of the Plan which states: Secured creditors listed below shall be paid the amount shown below as the Amount to Be Paid on Secured Claim, with such amount paid through the Plan payments. If the Plan proposes to pay a Secured Claim less than the amount asserted in the proof of claim, then the holder of the Secured Claim must file a timely objection to the Plan. If the principal amount of the creditor's proof of claim is less than the Amount to Be Paid on Secured Claim, then only the proof of claim amount will be paid. **If a creditor fails to file a secured claim** or files a wholly unsecured claim, **the debtor may delete the proposed payment of a secured claim in the order confirming plan.** The holder of a timely filed secured claim will retain its lien until the earlier of payment of the underlying debt determined under non-bankruptcy law or discharge under § 1328, at which time the lien will terminate and shall be released by the creditor. Undersigned counsel represents that he has contacted Connexus Credit Union and has been advised that it does not have a security interest in Debtor's property.

(c) As set forth in Section 5 (c) of the Plan the judicial lien of Capital One shall be avoided.

(7) <u>Unsecured Nonpriority Claims.</u> Claims allowance is determined by § 502 and the Federal Rules of Bankruptcy Procedure. Allowed unsecured claims shall be paid pro

- 4 -

In re: Tonder
Case No. 2:24-BK-09347-BKM

rata the balance of the payments under the Plan and any unsecured debt balance remaining unpaid upon completion of the Plan may be discharged as provided in 11 U.S.C. § 1328.

(D) **EFFECTIVE DATE AND VESTING.** The effective date of the Plan shall be the date of this Order. Property of the estate vests in Debtors upon confirmation, subject to the rights of the Trustee to assert a claim to any additional property of the estate pursuant to 11 U.S.C. § 1306.

---

## ORDER SIGNED ABOVE

---

Approved as to Form and Content By:

_____
Edward J. Maney, Trustee

_____
David Cutler
Attorney for Debtors

_____
Abbey Dreher
Attorney for Secured Creditor, Toyota Motor Credit Corporation

- 5 -

In re: Tonder
Case No. 2:24-BK-09347-BKM

The Debtors certify: All required State and Federal Income tax returns have been filed No domestic support obligation is owed or, if owed, such payments are current since the filing of the Petition.

_____
JEFFREY TONDER, Debtor

- 6 -